IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH P. SERO,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-1530 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **WARDEN,** *et al.,* | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner, Joseph P. Sero ("Sero"), an inmate confined at the State Correctional Institution at Fayette ("SCI-Fayette"), in LaBelle, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his 1975 conviction of Murder of the First Degree imposed by the Dauphin County Court of Common Pleas. (Doc. 1.)  For the reasons set forth below, the petition will be dismissed as untimely.  *See* 28 U.S.C. § 2244(d).

**I.    Background**

    **A.    Procedural History**

Sero filed his petition on August 20, 2007.  (Doc. 1.)  On August 23, 2007, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the court issued a formal notice to Sero that he could either have his petition ruled on as filed, or withdraw his

petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 3.) On September 5, 2007, Thomas filed his notice of election requesting that the court rule on the petition as filed. (Doc. 4.) Upon review of Sero's petition, it appeared that it may be barred by the statute of limitations. *See United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005). Therefore, the court directed Respondents to file a response concerning the timeliness of the petition. (Doc. 5.) A response was filed on October 10, 2007. (Doc. 8.) On October 29, 2007, Sero filed his reply. (Doc. 9.) Sero subsequently filed a document entitled "Motion to Issue Petition in the Matter of Petition for Writ of Habeas Corpus." (Doc. 10.)

### B.     Factual Background

On October 24, 1975, following trial, a jury sitting in the Dauphin County Court of Common Pleas found Sero guilty of Murder of the First Degree. (Doc. 8-2 at 2.) On September 3, 1976, following the denial of post-verdict motions, Sero was sentenced to a term of life imprisonment. (*Id.*) The Supreme Court of Pennsylvania affirmed the judgment of sentence on April 28, 1978. (*Id.*)

In June 1978, Sero filed a *pro se* petition for relief under the since repealed Post-Conviction Hearing Act ("PCHA"). (*Id.*; Doc. 8-3 at 9.) On July 18, 1978,

Sero, represented by counsel, filed a supplemental petition for relief under the PCHA. (Doc. 8-2 at 2.) By order dated July 28, 1978, the trial court judge denied PCHA relief for the reasons stated in the Commonwealth's answer to the PCHA petition. (*Id.*; Doc. 8-3 at 13.) On July 5, 1979, the Pennsylvania Supreme Court affirmed the trial court's order denying PCHA relief. (Doc. 8-2 at 2; Doc. 8-3 at 15.)

On July 30, 1979, Sero filed a petition for writ of habeas corpus ("first petition") with this court pursuant to the provisions of 28 U.S.C. § 2254, which was docketed at Civil No. 79-971. (Doc. 8-2 at 2.) On January 31, 1980, following review of Sero's petition, the Honorable Joseph G. Quinn, United States Magistrate Judge, issued a Report of Magistrate recommending dismissal of the first petition. (*Id.*) On February 29, 1980, the Honorable Richard P. Conaboy adopted the Report and dismissed the first petition. (*Id.* at 2-3.)

On February 17, 1988, Sero filed a second petition for writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254 ("second petition") which was docketed at Civil No. 88-0248. (Doc. 8-2 at 3.) On April 21, 1988, the second petition was dismissed by Judge Conaboy on the basis that it was a second or successive petition pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). (Doc. 8-2

at 3.) By order dated November 30, 1988, the United States Court of Appeals denied a petition for certificate of probable cause. (*Id.*) On January 11, 1989, the Third Circuit Court of Appeals denied a petition for rehearing *en banc*. (*Id.*)

On November 6, 1995, Sero filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq.* ("first PCRA petition"). (Doc. 8-2 at 3; Doc. 8-3 at 17.) On December 5, 1996, the PCRA court denied the first PCRA petition. (Doc. 8-2 at 3; Doc. 8-3 at 19.) Sero appealed to the Pennsylvania Superior Court, and on October 21, 1988, the PCRA court's order was affirmed. (Doc. 8-2 at 3; Doc. 8-3 at 23.) On March 29, 1999, the Pennsylvania Supreme Court denied Sero's petition for allowance of appeal. (Doc. 8-2 at 3; Doc. 8-3 at 27.)

On January 25, 2006, Sero filed a second petition for relief under the PCRA ("second PCRA petition"). (Doc. 8-2 at 3; Doc. 8-3 at 29.) On July 7, 2006, the PCRA court dismissed the second PCRA petition as untimely. (Doc. 8-2 at 3-4; Doc. 8-3 at 31.) Sero appealed to the Pennsylvania Superior Court, and on March 26, 2007, the Superior Court affirmed the order of the PCRA court. (Doc. 8-2 at 4; Doc. 8-3 at 33.) On July 30, 2007, the Pennsylvania Supreme Court denied Sero's petition for allowance of appeal. (Doc. 8-2 at 4; Doc. 8-3 at 36.) Sero filed the instant petition for writ of habeas corpus on August 20, 2007. (Doc. 1.)

**II.    Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the AEDPA. *See* 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .
>
> . . . .
>
> . . . (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment becomes final, and the statute of limitations begins to run, when appeals have been

exhausted or the time for seeking an appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001); *see Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); *Kapral v. United States*, 166 F.3d 565, 575, 577 (3d Cir. 1999).

### A. Statutory Tolling

The Third Circuit Court of Appeals has held that "[t]he statute of limitations for federal habeas petitions is subject to two exceptions: (1) statutory tolling during the time a 'properly filed' application for post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (citing *Jones*, 195 F.3d at 158). Sero does not meet the requirements to fall within either of these exceptions.

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). Further, in order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the federal limitations period runs out. Otherwise, there is nothing left to be tolled. *See Tinker v. Moore*, 255 F.3d 1331,

6

1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the expiration of the federal limitations period in order to toll that period).

In the instant case, Sero's conviction became final in 1978. Because his conviction became final before the AEDPA was passed, the one-year limitation period began to run on its passage date, which was April 24, 1996. *See Burns v. Morton*, 134 F.3d 109, 111 (1998); *Miller v. N.J. State Dept. of Corrections*, 145 F.3d 616, 617 (3d Cir. 1998). On April 24, 1996, Sero's first PCRA petition was pending. Nevertheless, it is unnecessary to determine whether Sero's first PCRA petition was timely because the pendency of that petition would toll the statute of limitations only until March 29, 1999, which was the date on which the Pennsylvania Supreme Court denied Sero's petition for allowance of appeal from the denial of his first PCRA petition. Therefore, the AEDPA statute of limitations expired on March 30, 2000. Moreover, Sero's filing of a second PCRA petition on January 25, 2006 did not revive the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005) (only a properly field petition for collateral relief under state law will toll the limitations period). Accordingly, Sero is not entitled to statutory tolling.

### B.     Equitable Tolling

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418.  The Third Circuit Court of Appeals instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005).  Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).  However, even where extraordinary circumstances exist, "[if] the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary

circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Sero argues that the statute of limitations does not apply because the sentencing court did not have jurisdiction to sentence him to a term of life imprisonment. (*See* Doc. 9 at 2.) He claims that the sentencing court did not have jurisdiction because the District Attorney failed to produce a murder weapon during Sero's trial, and thus the essential element of malice could not be found and there was no basis for his conviction. (*See id*.) Sero's argument does not constitute a basis for equitable tolling.

### C.     Sero's "Motion to Issue Petition in the Matter of Petition for Writ of Habeas Corpus"

In his motion, Sero argues that the court should grant habeas relief because Respondents failed to present anything in their response to show that the court should not grant the relief Sero was seeking. (*See* Doc. 10 at 1.) In light of this court's disposition of the petition, the motion (Doc. 10) will be denied as moot.

### III.  Conclusion

For the foregoing reasons, the petition for writ of habeas corpus (Doc. 1) will be dismissed as untimely.  The "Motion to Issue Petition in the Matter of Petition for Writ of Habeas Corpus" will be denied as moot.

                                                   s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: July 17, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH P. SERO,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-1530 |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **WARDEN,** *et al.,* | : | |
| | : | |
| Respondents | : | |

## **O R D E R**

**NOW**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED** as follows:

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred by the statute of limitations. *See* 28 U.S.C. § 2244(d).

2. The "Motion to Issue Petition in the Matter of Petition for Writ of Habeas Corpus" (Doc. 10) is **DENIED** as moot.

3. The Clerk of Court shall **CLOSE** this case.

4. A certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c).

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: July 17, 2008.