IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH P. SERO,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-1530 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **WARDEN,** *et al.,* | : | |
| | : | |
| Respondents | : | |

**<u>MEMORANDUM</u>**

Before the court is Petitioner Joseph P. Sero's motion for reconsideration (Doc. 12) of the court's July 17, 2008 memorandum and order (Doc. 11) dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).

Petitioner, an inmate currently incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette"), in LaBelle, Pennsylvania, challenged his 1975 conviction of Murder of the First Degree by a jury sitting in the Dauphin County Court of Common Pleas. In the July 17, 2008 memorandum and order dismissing the petition, this court determined that the petition was barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d) and that Sero did not meet the requirements to fall within the statutory or equitable tolling exceptions. (*See* Doc. 11 at 6-9.) Thereafter, Sero

filed the instant motion for reconsideration.[1] (Doc. 12.) After careful review, the court will deny the motion.

I.     **Legal Standard**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

---

[1] Sero did not submit a brief in support of his motion as required by M.D. Pa. L.R. 7.5. However, in light of the fact that Sero's motion contains legal argument and citations to case law, the court will construe the motion as having been filed with a supporting brief.

**II.    Discussion**

In his motion, Sero asserts that this court erred as a matter of law in dismissing his petition pursuant to 28 U.S.C. § 2244(d) because it failed to establish that he was duly convicted of a crime in a court of record and that the trial court had jurisdiction to sentence him.  (*See* Doc. 12 at 1, 2.)  He submits that there was no basis to convict him of first degree murder because the District Attorney failed to submit a murder weapon.  (*See id.* at 3-9.)  Sero asserts that, because a life sentence may only be imposed upon a conviction of first degree murder, the trial court violated the Thirteenth Amendment prohibition against involuntary servitude by sentencing him to a life term of imprisonment.  (*See id.* at 5-6, 8.)

Applying the standard used when a party seeks reconsideration, the court concludes that Sero has not articulated any of the applicable grounds for reconsideration.  The court finds no intervening change in controlling law and no error of law or fact.  Moreover, Sero's motion for reconsideration restates the arguments in his original petition (Doc. 1) and in his reply (Doc. 9).  The court considered these arguments and concluded that they were not relevant to the threshold determination of the timeliness of his petition.  Accordingly, these restated arguments do not constitute new evidence that was not available when the court

previously considered his petition and entered judgment.  Therefore, the court finds no basis to reconsider its decision that Sero's petition is time-barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d), and will deny the motion for reconsideration.

    An appropriate order follows.


                                                         s/Sylvia H. Rambo
                                                         SYLVIA H. RAMBO
                                                         United States District Judge


Dated: August 26, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH P. SERO,** | : | |
| Petitioner | : | **CIVIL NO. 1:CV-07-1530** |
| v. | : | **(Judge Rambo)** |
| **WARDEN,** *et al.*, | : | |
| Respondents | : | |

## **ORDER**

**AND NOW**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 12) is **DENIED**.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: August 26, 2008.